IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

KEITH WARNER                                                                                         PLAINTIFF

v.                                    Case No. 4:21-cv-00270-KGB

COMMISSIONER,
Social Security Administration                                                                       DEFENDANT

ORDER

Before the Court is plaintiff Keith Warner's motion for attorney's fees pursuant to the Equal Access To Justice Act ("EAJA"), 28 U.S.C. § 2412 (Dkt. No. 20). Mr. Warner requests that the Court award him reasonable attorney's fees and expenses in the amount of $7,484.75 on grounds that he is the prevailing party in this litigation and that the Commissioner's position in this litigation was not substantially justified (Dkt. Nos. 20; 21; 29). Mr. Warner has filed documentation supporting his request (Dkt. Nos. 21-1–21-4). The Commissioner responded in opposition to the motion (Dkt. No. 25). The Commissioner does not object to an award of attorney's fees and expenses to Mr. Warner under EAJA, but the Commissioner argues that the total award should be no more than $4,112.12 (*Id.*, at 8). Mr. Warner replied (Dkt. No. 29). For the following reasons, the Court grants, in part, the motion and awards Mr. Warner $5,903.34 in attorneys' fees and expenses in the amount of $87.14 (Dkt. No. 20).

I.      **Summary Of Arguments**

In his motion, Mr. Warner argues that he is entitled to an award of attorney's fees in the amount of $6,494.93 and expenses in the amount of $87.14 (Dkt. Nos. 20–21). In support of such an award, Mr. Warner provides the following documentation: (1) an affirmation and waiver of direct payment of EAJA fees by Mr. Warner (Dkt. No. 21-1); (2) EAJA calculation tables for 2021 and the first half of 2022, respectively, based on the Average Consumer Price Index for the south

as calculated by the United States Bureau of Labor Statistics (Dkt. No. 21-2); and (3) a ledger of dates, services, and hours billed by counsel for Mr. Warner in relation to the instant lawsuit (Dkt. Nos. 21-3–21-6).

In total, Mr. Warner requests in his motion:  (1) 26.10 attorney hours for 2021; (2) 1.1 attorney hours for 2022; and (3) 6.50 total paralegal hours (Dkt. No. 21, at 2).  The amount of the award is to be calculated at the rates of:  (a) $214.29 per hour for attorney work performed in 2021; (b) $229.05 per hour for attorney work performed in 2022; and (c) $100.00 per hour for paralegal work (*Id.*).  As mentioned, this would make a total attorney fee award of $6,494.93.

In response in opposition to the motion, the Commissioner contests only the $6,494.93 in attorney's fees requested by Mr. Warner; the Commissioner does not dispute Mr. Warner's status as a prevailing party, that the Commissioner's position in this litigation was not substantially justified, or the $87.14 requested by Mr. Warner for expenses (*see* Dkt. No. 25, at 2, 8).  The Commissioner likewise does not dispute the hourly rates requested by Mr. Warner for attorney work performed in 2021 and 2022 (*Id.*, at 2).  The Commissioner objects, however, to the hourly rate requested by Mr. Warner for paralegal work and to the total time expended by Mr. Warner's counsel on the case (*Id.*).

With respect to the paralegal rate, the Commissioner argues that the recognized prevailing hourly market rate for paralegals is $75.00 per hour (*Id.*, at 2–3).  Mr. Warner requests an hourly paralegal rate of $100.00 per hour (Dkt. No. 21, at 2).  The Commissioner argues that Mr. Warner has offered no evidence of a prevailing market rate for paralegal market time in excess of $75.00 and therefore requests that any award for work performed by paralegals be reduced to a $75.00 rate (Dkt. No. 25, at 3).

With respect to the total time expended by Mr. Warner's counsel on this case, the Commissioner presents five specific objections.  First, the Commissioner objects to the 23.40 hours expended by Mr. Warner's counsel in reviewing the record and preparing the briefing in this matter (*Id.*, at 3–4).  The Commissioner notes in this regard that Mr. Warner's counsel is a member of a national law firm specializing in disability law, that this case primarily concerned the single issue of Mr. Warner's residual functional capacity, and that the 978-page record "included less than 550 pages of medical record" (*Id.*).  The Commissioner therefore requests that the Court award no more than 17.0 hours for review of the record and preparation of the brief in this case (*Id.*, at 4).

Second, the Commissioner objects to the 2.10 hours expended by Mr. Warner's counsel on tasks related to preparing Mr. Warner's application to proceed *in forma pauperis* and to service of process, respectively (*Id.*, at 5–6).  The Commissioner argues that these tasks are largely clerical and that the time expended on them is therefore excessive (*Id.*, at 6).  The Commissioner therefore requests that the time spent on these tasks should be reduced to a total of 0.50 hours (*Id.*).

Third, the Commissioner objects to the 0.60 hours expended by Mr. Warner's counsel on "tasks relating to the Commissioner's motion for extensions of time to obtain the administrative transcript and file responsive pleadings and Plaintiff's motion for an extension of time to file his brief" (*Id.*, at 6–7).  The Commissioner argues in this regard that other courts in the Eighth Circuit have approved only nominal fees or even disregarded entirely time spent on a motion for extension of time (*Id.*).  The Commissioner therefore requests that the time spent on these tasks should be reduced to a total of 0.20 hours (*Id.*).

Fourth, the Commissioner objects to 3.10 hours expended by Mr. Warner's counsel on what the Commissioner characterizes as non-compensable clerical tasks (*Id.*, at 7–8).[1]  This includes:  (1) 1.90 hours of paralegal time spent on the representation agreement and bookmarking a document and making it text-searchable on March 25, 2021, and September 17, 2021, respectively; (2) 0.20 hours of attorney time expended on reviewing scheduling orders and calendaring deadlines on September 13, 2021; (3) 0.60 hours expended on reviewing and processing files from a referral source for attorney review on February 18, 2021; (4) 0.30 hours expended on referring the case back to the referral source on September 27, 2022; and (5)  0.10 hours expended on review of an entry of appearance on July 6, 2021 (*Id.*).

Fifth, the Commissioner objects to the 2.10 hours of attorney and paralegal time expended in preparation of Mr. Warner's EAJA petition (*Id.*, at 8).  The Commissioner argues that this is excessive under the circumstances, given that Mr. Warner's counsel likely routinely prepares such filings in the course of practice (*Id.*).  The Commissioner therefore requests that the time spent on this task should be reduced to a total of 1.50 hours (*Id.*).

In total, the Commissioner requests that the Court allow an EAJA award of:  (1) 17.60 hours of attorney time in 2021; (2) 0.55 hours of attorney time in 2022; and (3) 1.7 hours of total paralegal time (*Id.*, at 8).  The amount of the award is to be based on the attorney rates set out in Mr. Warner's motion and a paralegal rate of $75.00 per hour (*Id.*).  With the undisputed $87.14 in expenses, the Commissioner represents that this would make for a total award of no more than $4,112.12 (*Id.*).

---

[1] The Commissioner sums up the total amount to be reduced in this regard as 2.80 hours (Dkt. No. 25, at 8).  However, the Court understands this to be a typographical error.  The total amount of the time entries which the Commissioner characterizes as relating to non-compensable services adds up to 3.10 hours, as described in the Court's analysis.  Cross-referencing with the relevant entries attached to Mr. Warner's motion yields the same result (*see* Dkt. No. 21-3, at 2–3).

In his reply in support of his motion for EAJA attorney's fees, Mr. Warner advances several arguments in support of his attorney fee request. First, with respect to the paralegal rate, Mr. Warner points to a recent decision from this district that found $100.00 per hour to be a reasonable rate for a paralegal (Dkt. No. 29, at 1 (citing *Wolfe v. Affordable Rooter Serv., LLC*, Case No. 4:20-cv-00156-LPR, 2022 WL 2352364, at *3 (E.D. Ark. Mar. 30, 2022)). Second, with respect to the Commissioner's argument that the amount of time expended on the briefing was excessive, Mr. Warner notes that the Commissioner does not "specifically point to any hours that are excessive or unreasonable" and that the 9.3 hours billed for record review, viewed in terms of the 989-page record, indicates that counsel reviewed the record at a rate of 1.7 pages per minute (*Id.*, at 1–2). This was followed by 4.30 hours billed for "synthesiz[ing] the record" and drafting the procedural history and facts, and then 7.90 hours billed for researching and drafting the argument for the briefing (*Id.*).

Third, with respect to the time spent on various other tasks challenged by the Commissioner, Mr. Warner cites to numerous decisions from other district courts which he argues show that such tasks are compensable under EAJA (*Id.*, at 3–6). Fourth, with respect to the time spent by his counsel preparing the EAJA petition, Mr. Warner argues that, although the amount of time spent in preparing the petition was relatively high, this is because most of the work was performed by a paralegal and thus took longer than if the work had been performed by attorney, although notably at a lower billable rate (*Id.*, at 6–7).

Finally, in addition to the attorney's fees initially requested in his motion, Mr. Warner requests in his reply that the Court award him additional fees for the time spent by his counsel in preparing the reply brief (*Id.*). Mr. Warner requests an additional $1,076.54 in this regard and attaches documentation to his reply in support of this request (Dkt. Nos. 29, at 7; 29-1). In addition

5

to the attorney fee initially requested by his motion and the $87.14 in expenses, Mr. Warner represents that this would make for a total EAJA award of $7,571.89 (Dkt. No. 29, at 7).

## II.     Legal Standard

"Under the EAJA, a prevailing party shall be awarded attorney's fees if the government's position is not substantially justified." *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986) (citing 28 U.S.C. § 2412(d)(1)(A)). For EAJA purposes, district courts have the authority to award "those reasonable and necessary expenses of an attorney incurred or paid in preparation for trial of the specific case before the court, which expenses are those customarily charged to the client where the case is tried." *Kelly v. Bowen*, 862 F.2d 1333, 1335 (8th Cir. 1988) (quoting *Oliveira v. United States*, 827 F.2d 735, 744 (Fed. Cir. 1987)). This includes fees for paralegal services at the "prevailing market rates." *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 577 n.3, 590 (2008). However, not all services are compensable. The Supreme Court has noted:

> It is appropriate to distinguish between legal work, in the strict sense, and investigation, clerical work, compilation of facts and statistics and other work which can often be accomplished by non-lawyers but which a lawyer may do because he has no other help available. Such non-legal work may command a lesser rate. Its dollar value is not enhanced just because a lawyer does it.

*Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989) (quoting *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717 (5th Cir. 1974)). At the end of the day, the district court has "broad discretion to determine the amount of time reasonably expended, and an EAJA fee award is reviewed only for abuse of discretion." *Sahs v. Astrue*, 832 F. Supp. 2d 1066, 1068 (D. Neb. 2011) (citing *Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990)).

## III.    Discussion

Having carefully considered the record, the arguments of the parties, and the relevant legal authorities, the Court determines that the Court overrules the Commissioner's objection to the

recognized prevailing hourly market rate for paralegals.  Mr. Warner requests an hourly paralegal rate of $100.00 per hour, and he presents support for that request.  The Court declines to reduce this rate.

With respect to the total time expended by Mr. Warner's counsel on this case and the Commissioner's five specific objections, the Court sustains, in part, the Commissioner's first objection to the 23.40 hours expended by Mr. Warner's counsel in reviewing the record and preparing the briefing in this matter.  The Commissioner requests that the Court award no more than 17.00 hours for review of the record and preparation of the brief in this case.  The Court awards 21.00 hours for review of the record and preparation of the brief in this case, having considered the record in this matter.

The Court sustains, in part, the Commissioner's second objection to the 2.10 hours expended by Mr. Warner's counsel on tasks related to preparing Mr. Warner's application to proceed *in forma pauperis* and to service of process, respectively.  The Commissioner argues that these tasks are largely clerical and that the time expended on them is therefore excessive and that the time spent on these tasks should be reduced to a total of 0.50 hours.  The Court awards 1.1 hours—0.5 hours of attorney time and 0.6 hours of paralegal time—for tasks related to preparing Mr. Warner's application to proceed *in forma pauperis* and to service of process.

The Court overrules the Commissioner's third objection to the 0.60 hours expended by Mr. Warner's counsel on "tasks relating to the Commissioner's motion for extensions of time to obtain the administrative transcript and file responsive pleadings and Plaintiff's motion for an extension of time to file his brief."  The Court declines to reduce this amount.

The Court sustains the Commissioner's fourth objection to 3.10 hours expended by Mr. Warner's counsel on what the Commissioner characterizes as non-compensable clerical tasks. The Court reduces the time spent and fee requested, accordingly.

The Court sustains the Commissioner's fifth objection to the 2.10 hours of attorney and paralegal time expended in preparation of Mr. Warner's EAJA petition. The Commissioner argues that this is excessive under the circumstances, given that Mr. Warner's counsel likely routinely prepares such filings in the course of practice. The Commissioner therefore requests that the time spent on this task should be reduced to a total of 1.50 hours. The Court grants this request and awards 1.5 hours—0.20 hours of attorney time and 1.30 hours of paralegal time—for these tasks.

As such, the Court reduces in total the amount of compensable attorney time requested in Mr. Warner's initial motion by 3.00 hours for 2021 and by 0.300 hours for 2022, making for a total of 23.1 hours of compensable attorney time for 2021 and 0.80 hours of compensable attorney time for 2022, with the amount of the monetary award to be calculated at the respective rates set out in Mr. Warner's motion. The Court reduces in total the amount of compensable paralegal time requested in Mr. Warner's initial motion by 3.80 hours, making for a total of 2.70 hours of compensable paralegal time, with the amount of the monetary award to be calculated at the rate set out in Mr. Warner's motion. After making the relevant calculations, this makes for an EAJA award of $5,404.24 in attorney's fees.

Given the Court's rulings on the Commissioner's objections, the Court reduces the amount Mr. Warner will receive as additional fees for the time spent by his counsel in preparing the reply brief. Mr. Warner requests an additional $1,076.54 in this regard and attaches documentation to his reply in support of this request (Dkt. Nos. 29, at 7; 29-1). The Court awards Mr. Warner an

additional $500.00 for this work. Mr. Warner is thus entitled to a total EAJA award of $5,903.34 in attorney's fees and $87.14 in expenses.

### IV.    Conclusion

For the foregoing reasons, the Court grants, in part, the motion, and awards Mr. Warner $5,903.34 in attorney's fees and expenses in the amount of $87.14 (Dkt. No. 20).

It is so ordered this 26th day of August, 2025.

*Kristine G. Baker*
Kristine G. Baker
Chief United States District Judge